```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------
                                              :
DINESOL BUILDING PRODUCTS, LTD.  :      CASE NO. 4:04-cv-185-JG
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :      ORDER AND OPINION
                                              :      [Resolving Doc. Nos. 54, 70]
TAPCO INTERNATIONAL, INC,         :
                                              :
            Defendant.                        :
                                              :
---------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Magistrate Judge Limbert's Report and Recommendation [Doc. 70] regarding Plaintiff Dinesol Building Products, Ltd.'s motion for contempt and request for fees and costs [Doc. 54]. The Defendant, Tapco International, Inc., opposes the motion and objects to the magistrate's Report and Recommendation [Docs. 57, 71].

For the reasons discussed below, the Court accepts Magistrate Judge Limbert's recommendations. The Court GRANTS the Plaintiff's motion for contempt and request for fees and costs.

**I. Background**

On December 30, 2005, Dinesol Building Products ("Dinesol") filed a Motion for Contempt against Tapco International, Inc. ("Tapco") because Tapco continued its patent infringement action against Dinesol in the United States District Court for the Eastern District of Michigan ("Michigan litigation"), violating this Court's December 6, 2005 Order. [Doc. 49, 54.] On January 9, 2006, the matter was referred to Magistrate Judge George Limbert for a Report and Recommendation. [Doc.

-1-

Case No. 4:04-cv-185
Gwin, J.

55.] On March 2, 2006, Magistrate Judge Limbert issued a recommendation that Tapco should be found in contempt for violating the December 6 Order, and should be ordered to compensate Dinesol for its fees and costs expended on the Michigan litigation after December 6 which totaled $55,630.10. [Doc. 70.]

On March 16, 2006, Tapco timely objected to the Report and Recommendation, and on March 27, it moved for oral arguments relating to its objections. [Docs. 71, 73.] The Court granted the motion and, on April 21, 2006, held a hearing. At the hearing, the Court adopted the Report and Recommendation and requested that each party submit proposed Orders codifying the Court's bench ruling. [Doc. 81 21.] On April 26, 2006, Dinesol submitted its proposal, and on April 27, 2006, Tapco followed. [Docs. 82, 83.] This Order reconciles the two proposals and memorializes the Court's ruling adopting the magistrate's recommendation.

## II. Legal Standard

"[T]he power of courts to punish for contempts [sic] is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590-91 (6th Cir. 1987) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). The purpose of civil contempt proceedings is to enforce that notion that "all orders and judgments of courts must be complied with promptly." *Cincinnati Bronze*, 829 F.2d at 590.

To hold a party in civil contempt, a court must find by clear and convincing evidence: "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th

Case No. 4:04-cv-185
Gwin, J.

Cir.1992)); *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Where a court finds a party in contempt, the court may award attorney's fees and costs to the complainant associated with prosecuting the contempt proceedings. *In re Jacques*, 761 F.2d 302, 306 (6th Cir. 1985).

### III. Discussion

Dinesol argues that Tapco violated the terms of the parties' settlement agreement [Doc. 54, Ex. A] and this Court's subsequent order enforcing the settlement agreement [Doc. 49] when it continued to pursue litigation against Dinesol in Michigan. Responding, Tapco argues that it initiated litigation anew in Michigan because it believed the disputed product was not subject to the terms of the settlement agreement. Therefore, it argues, it did not contravene this Court's order. After reviewing the parties' pleadings and hearing from the parties, this Court adopts the magistrate's recommendation and finds Tapco in civil contempt.

There is no dispute over the first two requisite elements: the Court's order was in effect and Tapco was aware of it. As to the third element, it is clear that Tapco defied this Court's order.[1] Instead of opting to pursue a remedy through this Court, Tapco pursued the Michigan litigation in defiance of this Court's mandate. Tapco thus wasted both Dinesol's and the federal courts' resources.[2] Therefore, the Court finds Tapco in contempt and imposes the appropriate remedy.

---

[1] As stated previously, Tapco's position is inconsistent with the broad terms of the settlement agreement it reached with Dinesol. That agreement precludes either party from filing new suits that are related to the subject matter of their settlement. Tapco's new suit pertained to custom-length shutters, while the settlement addressed "Dinesol's paneled and louvered cathedral plastic shutters." (Pl.'s Mot. for Contempt Ex. A 2.)

[2] For additional discussion of the parties' arguments and the Court's ruling, see the transcripts to the April 21, 2006 hearing [Doc. 81].

-3-

Case No. 4:04-cv-185
Gwin, J.

### IV. Conclusion

For the reasons described above and at the April 26, 2006 hearing, this Court agrees with the findings of Judge Limbert's Report and Recommendation and finds Tapco in contempt for noncompliance with this Court's December 6, 2005 order.

The Court **ADOPTS** Magistrate Limbert's Report and Recommendation and **ORDERS** Tapco to pay Dinesol $55,630.10 for costs incurred in prosecuting this litigation.  The Court further orders that, consistent with Tapco's third proposed order (Obj. Proposed Order Ex. C) and pursuant to Fed. R. Civ.P. 41(a),  Tapco shall seek immediate voluntary dismissal without prejudice of its claims against Dinesol Products and Dinesol Plastics, Inc. in the Michigan District Court.[3]  In the event Tapco is unable to achieve such dismissal, Tapco shall notify the Court.

IT IS SO ORDERED.

Dated: July 11, 2006                                s/      *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[3] There is no reason for Tapco to seek dismissal with prejudice against Dinesol Products as Dinesol's proposed opinion suggests (Notice Filing Proposed Order Ex.1) because the settlement agreement terms prohibit the instant claim against Dinesol Products before the Michigan court.